R E C E I V E D

JUL 1 7 2019

AT 8:30_____M
WILLIAM T. WALSH
CLERK

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*          *(973) 645-2700*
*Newark, New Jersey 07102*

LG/PL AGR
2017R00907

May 31, 2019

**VIA ELECTRONIC MAIL**

Joseph M. Corazza, Esq.
Kraemer & Corazza
328 Sparta Avenue, Suite D
Sparta, New Jersey 07871

　　　　　Re: <u>Plea Agreement with Dennis Jones</u> / 19-500 (BRM)

Dear Mr. Corazza:

　　　　This letter sets forth the plea agreement between your client, Dennis
Jones ("Jones"), and the United States Attorney for the District of New Jersey
("this Office"). The government's offer to enter into this plea agreement will
expire on **June 21, 2019** if it is not accepted in writing by that date.

<u>Charge</u>

　　　　Conditioned on the understandings specified below, this Office will
accept a guilty plea from Jones to a one-count Information, which charges that,
on or about May 7, 2019, Jones knowingly and intentionally conspired with
Talib Beeks and others to distribute and possess with intent to distribute 5
kilograms or more of a mixture and substance containing a detectable amount
of cocaine, a Schedule II controlled substance, contrary to 21 U.S.C. §§ 841
and (a)(1) and (b)(1)(A), in violation of 21 U.S.C. § 846. If Jones enters a guilty
plea and is sentenced on these charges, and otherwise fully complies with all of
the terms of this agreement, this Office will not initiate any further criminal
charges against Jones for knowingly and intentionally conspiring with others to
distribute and possess with intent to distribute a controlled dangerous
substance on or about May 7, 2019.

　　　　However, in the event that a guilty plea in this matter is not entered for
any reason or the judgment of conviction entered as a result of this guilty plea
does not remain in full force and effect, Jones agrees that any dismissed

charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Jones may be commenced against him, notwithstanding the expiration of the limitations period after Jones signs the agreement.

<u>Sentencing</u>

The violation of 21 U.S.C. § 846 charged in the Information to which Jones agrees to plead guilty carries a statutory mandatory minimum sentence of 10 years, a statutory maximum prison sentence of life, and a statutory maximum fine equal to the greatest of: (1) $10,000,000, or (2) twice the gross profits or other proceeds to Jones. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Jones is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Jones ultimately will receive.

Further, in addition to imposing any other penalty on Jones, the sentencing judge (1) will order Jones to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order forfeiture pursuant to 21 U.S.C. § 853; (3) may deny Jones certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and (4) pursuant to 21 U.S.C. § 841, must require Jones to serve a term of supervised release of at least 5 years, which will begin at the expiration of any term of imprisonment imposed. Should Jones be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Jones may be sentenced to not more than 5 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Jones by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Jones's activities and relevant conduct with respect to this case.

Stipulations

This Office and Jones agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Jones from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Jones waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

As part of his acceptance of responsibility and pursuant to 21 U.S.C. § 853, Jones agrees to forfeit to the United States all of his right, title, and interest in any and all property constituting or derived from any proceeds the defendant Jones obtained, directly or indirectly, as the result of the violation charged in Count One of the Information, and all of the defendant's right, title, and interest in any property in which the defendant has an interest that was used or intended to be used, in any manner or part, to commit, and to facilitate the commission of, the violation charged in Count One of the Information.

Jones further agrees to forfeit all of his right, title, and interest in the property listed on the attached Schedule B, which was seized from Jones on or about May 7, 2019, and which the defendant admits has the requisite nexus to the drug trafficking offense charged in the Information (the "Specific Property") and is therefore are forfeitable to the United States of America pursuant to 21 U.S.C. § 853.

Jones further consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 21 U.S.C. § 881 and/or 18 U.S.C. § 981(a). Jones agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent Jones has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are hereby deemed withdrawn. Jones further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States Marshals Service and the execution of all necessary documentation.

Jones waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant consents to the entry of an order of forfeiture that, in the Office's discretion, may be final as to the defendant prior to the defendant's sentencing. Jones understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of Jones's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Jones waives any and all constitutional, statutory, and other challenges to the

forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

Jones further agrees that no later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Jones fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that Jones has intentionally failed to disclose assets on his Financial Disclosure Statement, Jones agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Immigration Consequences

Jones understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Jones understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Jones wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Jones understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Jones waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Jones. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or

any third party from initiating or prosecuting any civil or administrative proceeding against Jones.

No provision of this agreement shall preclude Jones from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Jones received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the plea agreement between Jones and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: LEAH GOULD
Assistant U.S. Attorney

APPROVED:

MEREDITH J. WILLIAMS
Chief, OCDETF/Narcotics

I have received this letter from my attorney, Joseph M. Corazza, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

Dennis Jones                          Date:   6 · 6 · 19


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

Joseph M. Corazza, Esq.               Date:  6/6/19

<u>Plea Agreement With Dennis Jones</u>

<u>Schedule A</u>

1.     This Office and Dennis Jones recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Jones nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Jones within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Jones further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2.     The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case. The applicable guideline is U.S.S.G. § 2D1.1.

3.     This guideline carries a Base Offense Level of 30, because the offense involved a total of more than 5 kilograms but less than 15 kilograms of cocaine. U.S.S.G. § 2D1.1(c)(5).

4.     Because Jones maintained a premises for the purpose of manufacturing or distributing a controlled substance, this results in a two-level increase. U.S.S.G. § 2D1.1(b)(12).

5.     Pursuant to U.S.S.G. § 4B1.1(a), Jones may be a career offender because (a) he was at least eighteen years old at the time he committed the instant offense; (b) the instant offense constitutes a controlled substance offense as that term is defined under U.S.S.G. § 4B1.2; and (c) Jones may have at least two prior felony convictions for either a crime of violence or a controlled substance offense. The parties defer to the criminal history calculation by the United States Probation Office as to whether Jones is a career offender.

6.     As of the date of this letter, it is expected that Jones will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and Jones's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. <u>See</u> U.S.S.G. § 3E1.1(a) and Application Note 3.

7.     As of the date of this letter, it is expected that Jones will assist authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a

further 1-point reduction in Jones's offense level pursuant to U.S.S.G.
§ 3E1.1(b) if the following conditions are met: (a) Jones enters a plea pursuant
to this agreement, (b) this Office in its discretion determines that Jones's
acceptance of responsibility has continued through the date of sentencing and
Jones therefore qualifies for a 2-point reduction for acceptance of responsibility
pursuant to U.S.S.G. § 3E1.1(a), and (c) Jones's offense level under the
Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

8.      In accordance with the above, the parties agree that the total
Guidelines offense level applicable to Jones is 34 if he is a career offender
pursuant to U.S.S.G. § 4B1.1(a) (the "agreed total Guidelines career offender
offense level"), or 29 if he is not a career offender pursuant to U.S.S.G.
§ 4B1.1(a) (the "agreed total Guidelines non-career offender offense level")
(collectively, the "agreed total Guidelines offense level"), subject to any
applicable statutory mandatory minimum.

9.      Jones knows that he has and, except as noted below in this
paragraph, voluntarily waives, the right to file any appeal, any collateral attack,
or any other writ or motion, including but not limited to an appeal under 18
U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the
sentence imposed by the sentencing court if that sentence falls within or below
the Guidelines range that results from the agreed total Guidelines offense level
of 34. This Office will not file any appeal, motion, or writ which challenges the
sentence imposed by the sentencing court if that sentence falls within or above
the Guidelines range that results from the agreed total Guidelines offense level
of 29. The parties reserve any right they may have under 18 U.S.C. § 3742 to
appeal the sentencing court's determination of the criminal history category.
The provisions of this paragraph are binding on the parties even if the Court
employs a Guidelines analysis different from that stipulated to herein.
Furthermore, if the sentencing court accepts a stipulation, both parties waive
the right to file an appeal, collateral attack, writ, or motion claiming that the
sentencing court erred in doing so.

10.     Both parties reserve the right to oppose or move to dismiss any
appeal, collateral attack, writ, or motion barred by the preceding paragraph
and to file or to oppose any appeal, collateral attack, writ or motion not barred
by the preceding paragraph.

## Schedule B

The following property seized from Dennis Jones on or about May 7, 2019:

1.  Approximately $12,000 in United States currency;

2.  An Audemars Piguet diamond-encrusted wristwatch;

3.  A gold-colored chain with praying hands pendant;

4.  A diamond bracelet; and

5.  A white gold and diamond ring.